UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRAIG MILLER and NANCY MILLER,

    Plaintiffs,

v.                              Case No. 06-C-1021

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

**ORDER DENYING MOTION TO INTERVENE AND MOTION TO CONSOLIDATE
AND DENYING DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**

On June 18, 2007, Margo Manning ("Manning") filed a motion to intervene in the above-captioned action as well as a motion to consolidate this action with another action pending in Milwaukee County Circuit Court (Case No. 06-CV-1572) before the Honorable Christopher R. Foley. On July 7, 2007, the plaintiffs filed their response to Manning's motions to intervene and consolidate. As of today's date, Manning has not filed a reply brief in support of either of her motions. Thus, the motions are fully briefed and are ready for resolution.

In support of her motion to consolidate, Manning asserts that she and the Millers are involved in litigation in state court (Case No. 06-CV-1572) regarding the same mold and/or water damage that is the subject of the insurance coverage dispute that forms the basis of the above-captioned action. Manning further argues that "[b]ecause the same alleged physical damages are at issue in both cases, it makes little sense to have two separate fact-finders make a determination regarding injury." (Mot. to Consolidate at 2.) Thus, Manning requests that this court either grant the motion to consolidate and transfer this action to the Milwaukee County Circuit Court to be tried together with the action

pending before Judge Foley, or remove the action pending before Judge Foley to federal court so that the state court action could be consolidated with this action.

Simply put, this court will do neither. This is because this court cannot unilaterally divest itself of jurisdiction over this action in order to have it transferred to Judge Foley in the Milwaukee County Circuit Court. Nor can this court order the case before Judge Foley to be removed to federal court where no basis for federal jurisdiction exists. Indeed, federal courts have "no authority to consolidate an action of which it has jurisdiction with one it does not." *Appalachian Power Co. v. Region Props., Inc.*, 364 F. Supp. 1273, 1277 (D. Va. 1973). And, here, to reiterate, this court does not have jurisdiction over the action pending in state court before Judge Foley. Moreover, Federal Rule of Civil Procedure 42 makes clear that consolidation cannot occur unless the cases to be consolidated are pending before the same court. Consequently, and for all of the foregoing reasons, Manning's motion to consolidate will be denied.

In her motion to intervene, Manning asserts that "in the event that the court is not inclined to order the cases tried together, Manning would withdraw this motion." (Mot. to Intervene at 6.) Thus, in light of this court's denial of the motion to consolidate, Manning's motion to intervene will be denied as moot.

There is one final matter to address. On July 19, 2007, the defendant, Safeco Insurance Company of America, filed a motion to amend the scheduling order. In the affidavit filed in support of this motion, counsel for the defendant asserts that the manner in which the court decides the plaintiffs' motion for partial summary judgment may affect the need for future motions to be filed by the defendant. If it appears as though there is a need for further motions to be filed in this action after the court issues its decision on the plaintiffs' motion for partial summary judgment, the court

2

will conduct a scheduling conference to discuss what motions the defendant wishes to file and will at that time enter a new scheduling order. Thus, the defendant's motion to amend the scheduling order will be denied.

**NOW THEREFORE IT IS ORDERED** that the motion to consolidate be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the motion to intervene be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the defendant's motion to amend the scheduling order be and hereby is **DENIED**.

**SO ORDERED** this 30th day of July 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge