IN THE EASTERN DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRAIG MILLER and NANCY MILLER, Plaintiffs, v. SAFECO INSURANCE COMPANY OF AMERICA, Defendant. | Case No. 06-C-1021 |

**REPLY BRIEF IN SUPPORT OF CRAIG MILLER'S AND NANCY MILLER'S MOTIONS IN LIMINE TO:
(1) EXCLUDE NON-DISCLOSED EXPERT OPINIONS; AND
(2) PRECLUDE TERRY JOHNSON FROM TESTIFYING ABOUT LEGAL CONCLUSIONS AND THE INSURANCE INDUSTRY CUSTOM AND PRACTICES AND RESPONSE BRIEF IN OPPOSITION TO SAFECO'S MOTION IN LIMINE TO AMEND ATTORNEY JOHNSON'S EXPERT WITNESS REPORT**

On December 8, 2009, the Millers moved the Court for an order in limine: (1) to limit Terry Johnson's testimony to the opinions that were disclosed in his expert report; and (2) to preclude Mr. Johnson from testifying to legal conclusions and to the customs and practices of the insurance industry. (See DN 98.)

In its motion, the Millers request that Mr. Johnson's testimony be limited to his expert report. In response to the Millers' motion, and just two weeks before the January 15, 2010, discovery cut-off, Safeco requests leave to amend Mr. Johnson's expert report to add additional opinions. (DN 101; DN 102 p 2–5.) Safeco's motion should be denied, because even if Mr. Johnson's new opinions had been timely disclosed, these new opinions still fail to comply with the disclosure requirements of Federal Rule of Civil Procedure Rule 26(a).

In addition, the Millers request that Mr. Johnson be precluded from opining as to

legal conclusions. Expert testimony regarding legal conclusions is improper as it invades the province of the Court and Safeco does not oppose the Millers' motion with respect to legal conclusions. The Millers, therefore, request that the Court grant their motion and preclude Mr. Johnson from testifying as to legal conclusions.

Finally, the Millers request that Mr. Johnson be precluded from testifying as to insurance bad faith. Mr. Johnson is not qualified to provide opinions about the insurance industry's customs and practices because he has never worked as an adjuster, claims manager, or agent. Quite simply, Mr. Johnson's knowledge of bad faith law does not equate to knowledge of the insurance industry's customs and practices. See e.g. Talmage v. Harris, 2005 WL 1458750 * 1 (W.D. Wis. 2005). The Millers, therefore, request that the Court grant their motion in limine to preclude Mr. Johnson from testifying as to insurance bad faith.

## ARGUMENT

**I. MR. JOHNSON'S PREVIOUSLY NON-DISCLOSED OPINIONS SHOULD BE EXCLUDED BECAUSE HIS NEW OPINIONS FAIL TO COMPLY WITH THE DISCLOSURE REQUIREMENTS OF RULE 26(A).**

The Millers' motion in limine requests that Mr. Johnson be limited to the opinions disclosed in his expert report. Safeco's response is to seek the amendment of Mr. Johnson's report to include additional opinions responding to Dr. Browne—the Millers' bad faith expert. Mr. Johnson and Safeco's counsel have each asserted that the Rule 26(a) report prepared, reviewed, and filed with the Court mistakenly failed to address Dr. Browne's opinions. (DN 103 ¶ 2; DN 104 ¶ 6.) Mr. Johnson's new opinions are stated in his affidavit and Safeco states that these new opinions are the "only substantive

2

amendment" to Mr. Johnson's report. (DN 102 p 4; DN 103 ¶ 6.) However, Mr. Johnson's opinions for the new report fail to satisfy Rule 26(a).

A party who fails to comply with the Rule 26(a) expert opinion disclosure requirements is threatened with the exclusion of that expert's testimony. Salgado by Salgado v. Gen. Motors Corp., 150 F.3d 735, 742, (7th Cir. 1998.) "[T]he sanction of exclusion [of the expert's testimony] is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Id. Where there is harm or a lack of justification a court may assess reasonable attorney's fees and other sanctions against the party that violates Rule 26(a). Fed. R. Civ. Pro. R. 37(c)(1)(A).

A district court may exercise its discretion to admit previously undisclosed testimony, guided by the following factors: (1) the prejudice or surprise to opposing party; (2) the ability of the party to cure prejudice; (3) the likelihood of disruption; and (4) the bad faith or unwillingness to comply with Rule 26. Keach v. U.S. Trust Co., 419 F.3d 626, 640 (7th Cir. 2003). Safeco contends that the Keach factors weigh in its favor and concludes that its failure to comply with Rule 26(a) was either justified or harmless and, thus, it should be permitted to add new expert opinions. (DN 102 p 4–5.)

Perhaps the Keach test would weigh in favor of the admission of Mr. Johnson's new report *if* his new opinions complied with the Rule 26(a) requirements. Independent of Safeco's tardy disclosure of these opinions, Mr. Johnson's new opinions are "woefully deficient" of the Rule 26(a) requirements and are properly excluded. See Ciomber v. Coop. Plus, Inc., 527 F.3d 635, 638–43 (7th Cir. 2008) (holding that the district court properly excluded the testimony of an expert witness on the basis that the expert's report, which included only eight conclusory statements, was deficient).

3

The Seventh Circuit has explained in detail the requirements for Rule 26(a) reports:

> "Rule 26(a) expert reports must be 'detailed and complete.' A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources. Expert reports must not be sketchy, vague or preliminary in nature. Disclosures must not be used as a means to extend a discovery deadline. ***Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions***."

Salgado, 150 F.3d at 741, n.6 (citations omitted)(emphasis added). Indeed, the basis and reasons for an expert's conclusions are "the very heart of expert disclosure" under Rule 26 Chappel v. SBC-Ameritech, No. 05 C 7003, 2007 WL 2076028, at *3 (N.D. Ill. July 13, 2007).

Here, Mr. Johnson's new report fails to comply with the Rule 26(a) requirements. Mr. Johnson's new opinions were disclosed only as follows:

- "[Browne's report] is incorrect in its application of the facts of to the bad faith issues in this case.";

- "As I concluded when I first read it, it provides no basis for a finding of bad faith on the part of the insurance carrier.";

- "The conduct referred to therein does not constitute bad faith and is entirely consistent with good faith claims handling.; and

- "I entirely disagree with Mr. Browne's opinion."

(DN 103 ¶ 6.)

Aside from these four conclusory statements, Mr. Johnson provides nothing more

in his new expert report. Mr. Johnson does not include "how" and "why" he reached these particular conclusions. See Salgado, 150 F.3d at 741, n.6. There is no analysis or discussion related to the conduct Mr. Johnson considers to be "good faith claims handling." Mr. Johnson does not attempt to explain the reasons for his disagreement with Dr. Browne's opinion. Respectfully, the only thing the Millers have learned from Mr. Johnson's new report is that he disagrees with Dr. Browne's opinion because he does not think Safeco's conduct constitutes bad faith.

Safeco contends that the Millers will not be harmed by its failure to comply with Rule 26 because the Millers have not yet taken Mr. Johnson's deposition. (DN 102 p 4–5.) But Safeco overlooks that the purpose of Rule 26 disclosures is "to provide notice to the opposing counsel—***before the deposition***—as to what the expert witness will testify." Ciomber, 527 F.3d at 642 (emphasis added). Further, Safeco ignores that "Rule26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." Id. The Seventh Circuit has recognized the harm caused by deficient Rule 26(a) reports. The Ciomber court observed that "the fact that [the plaintiff's] expert report was deficient was not harmless. Because of the report's deficiencies, [the defendant] was forced to depose [the plaintiff's expert] with little or no understanding as to what he would testify." Id., 527 F.3d at 643. Likewise, the Salgado court explained that the other party was harmed because it had a right to know the plaintiff's expert's conclusions. Salgado, 150 F.3d at 742.

Presumably, Safeco intends to have Mr. Johnson add the "hows" and "whys" to his opinion at some later date. To avoid being ambushed by additional or more developed opinions, the Millers are forced to take Mr. Johnson's deposition. Because Mr. Johnson's

5

new report does not include the reasons for his opinions, the Millers are going into what will likely be a lengthy and inefficient deposition given their inability to adequately prepare. Worse, if the Millers discover that Mr. Johnson has additional or more developed opinions at his deposition, their hands are tied due to the proximity of the discovery cut-off.

The Millers have been harmed by Safeco's repeated failures to comply with Rule 26. Had proper disclosures been made, the Millers would have been able to assess the reasoning of Mr. Johnson's opinions in advance of his deposition, which would have allowed the Millers to conserve their economic resources by narrowing the scope of Mr. Johnson's deposition or perhaps, avoid to taking Mr. Johnson's deposition. The Millers are further harmed because Safeco's failure to comply Rule 26(a) has forced them to to incur additional attorneys' fees responding to Safeco's motion for leave to add additional opinions past the disclosure date.

Safeco's failure to comply with Rule 26(a) the first time might have been an accident and forgivable. But a second failure is not justified and it is not harmless as it cannot be anything other than willful disregard of Rule 26(a). See Salgado, 150 F.3d at 742–43. As such, Safeco's failure to comply with Rule 26(a) is not harmless and is not justified. Pursuant to Rule 37(c), the Millers, therefore, request that the Court grant their motion in limine and exclude Mr. Johnson's new opinions and award the Millers' their attorneys fees caused by Safeco's failures to comply with Rule 26(a).

**II.   SAFECO DOES NOT DISPUTE THE MILLER'S MOTION TO PRECLUDE**

**MR. JOHNSON FROM TESTIFYING AS TO LEGAL CONCLUSIONS.**

Not only is Mr. Johnson's new expert report deficient, his initial expert report has shortcomings in that significant portions of Mr. Johnson's initial report relate to his legal conclusions rather than opinions. For example, Mr. Johnson opines in his initial report (without any explanation) that this Court erred it its determination of the coverage portion of the case. (DN 100–1 p 6 of 11.) It is well-established that an expert may not testify about legal conclusions because such testimony would invade the province of the Court. Amaku Dev. LLC v. Warner, No. 05 C 3082, 2007 WL 2028186 (N.D. Ill. July 10, 2007). Thus, the Millers have filed a motion in limine to preclude Mr. Johnson from testifying as to legal conclusions.

Safeco does not offer any arguments in opposition to the Millers' motion. Rather, in a footnote, Safeco contends that the Millers' motion would be moot if it were permitted to include Mr. Johnson's new opinions. (DN 102 p 5–6 n.1.) Safeco does not explain how Mr. Johnson's new opinions relating to his disagreement with Dr. Browne's opinions would withdraw Mr. Johnson's previous opinions related the "correctness" and "legal implications" of the Court's previous decisions in this case. In any event, Safeco does not appear to disagree with the Millers' position that it would be improper for Mr. Johnson to testify about these legal conclusions. To that end, the Millers request that the Court grant their motion in limine and preclude Mr. Johnson from testifying about his legal conclusions. (DN 100–1 p 6.)

**III.     MR. JOHNSON SHOULD BE PRECLUDED FROM TESTIFYING ABOUT THE**

**INSURANCE INDUSTRY'S CUSTOMS AND PRACTICES BECAUSE HE IS NOT QUALIFIED TO DO SO.**

Finally, in his initial report, Mr. Johnson purports to opine as to whether Safeco engaged in bad faith in connection with the Millers' claim. Bad faith requires an inquiry into whether a reasonable insurer would have denied the claim. Wiess v. United Fire & Cas. Co., 197 Wis. 2d 365, 378, 541 N.W.2d 753, 757 (1995). Mr. Johnson is not qualified to address what a reasonable insurer might have done under the circumstances—his report does not disclose any recent experience in claims adjustment or claims management. (DN 100–1 p 8–9.) He has not published any articles on insurance bad faith or claims handling practices. (DN 100–1 p 8–9.) He does not hold any of the credentials, designations, or licenses required by the Wisconsin Commissioner of Insurance for insurance agents and underwriters. See e.g., Wis. Admin. Code § Ins. 26.04 (listing designations and education requirements for insurance agents and underwriters). Instead, Mr. Johnson's only experience with the insurance industry is that of an insurance defense attorney. (DN 100–1 p 8–9 of 11.) Safeco argues this experience qualifies Mr. Johnson to provide opinions related to the customs and practices of the insurance industry. (DN 102.)

In opposition to Safeco's position, the Western District of Wisconsin has previously held that an attorney's experience as an insurance defense attorney does not qualify that individual to render an expert opinion on the insurance industry's customs and practices. See Talmage v. Harris, No. 03-C-0658-C, 2005 WL 1458750, at *1 (W.D. Wis. June 17, 2005). Safeco fails to address the Talmage case, in which Mr. Johnson—in his capacity as a defense attorney—successfully disqualified an attorney who had similar experience to his own from serving as a bad faith expert. (See DN 99 p 7–9.)

Here, Mr. Johnson has opined that the subjective standard of bad faith is not met because did not see any evidence of an unwillingness to consider facts or law. (DN 100–1 p 6.) In his report, he does not cite any examples of conduct that he considers good faith claims handling practices and subsequent attempts to do so would violate the Rule (26)(a) disclosure requirements. Nor does he discuss what a reasonable insurer should do under the circumstances. Instead he merely concludes that there was no bad faith based on his review on the file, the jury instructions, and case law. (DN 100–1 p 6.) Mr. Johnson's opinion amounts to nothing more than an attempt to put in a preliminary closing argument on behalf of Safeco's counsel. "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." U.S. v. Frazier, 387 F.3d 1244, 1262–63 (11 Cir. 2004).

Mr. Johnson lacks the requisite qualifications to testify about what a reasonable insurer would have done under the circumstances. His bad faith opinions offer nothing more than what Safeco's counsel can argue in closing arguments. As such, the Millers request that the Court grant their motion in limine and preclude Mr. Johnson from testifying about the customs and practices of the insurance industry.

## CONCLUSION

Safeco should not be permitted to amend its expert's report because its expert's new opinions do not meet the requirements of Rule 26(a) and thus, his new opinions should be excluded pursuant to Rule 37(c)(1). Mr. Johnson should be precluded from offering legal conclusions as such testimony would invade the province of the Court. Finally, although Mr. Johnson may have extensive knowledge about the law of bad faith claims, he lacks knowledge of the insurance industry and its customs and practices that

would enable him to hold himself out as an expert on those matters.  The Millers, therefore, request that the Court preclude Mr. Johnson from providing such testimony.

Dated January 12, 2010.

HALLOIN & MURDOCK, S.C.
Attorneys for Plaintiffs, Craig and Nancy Miller

s/ Anthony K. Murdock
Scott R. Halloin
State Bar No. 1024669
Anthony K. Murdock
State Bar No. 1054531

HALLOIN & MURDOCK, S.C.
839 North Jefferson Street
Fifth Floor
Milwaukee, Wisconsin 53202
p 414-732-2424
f  414-732-2422
shalloin@halloinmurdock.com
amurdock@halloinmurdock.com
S:\Clients\Miller, Craig\Safeco\Pleadings\Reply Br. Supp. Mot. Limine Johnson.wpd

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2010, I electronically filed this document through the ECF system, which will send a notice of electronic filing to the following:

W. Timothy Steinle, Esq.
Terschan, Steinle & Ness
309 North Water Street, Suite 215
Milwaukee, WI 53202
*Counsel for Defendant Safeco Insurance Company of America*

        HALLOIN & MURDOCK S.C.
        Attorneys for Plaintiffs Craig and Nancy Miller

        s/ Anthony K. Murdock
        Anthony K. Murdock
        State Bar No. 1054531

11

Case 2:06-cv-01021-WEC    Filed 01/12/10    Page 11 of 11    Document 113