IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
CIVIL DIVISION

| | |
|---|---|
| CRAIG MILLER and NANCY MILLER, Plaintiffs, vs. SAFECO INSURANCE COMPANY OF AMERICA, Defendant. | Case No.: 06-C-1021 |

**BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE FILED ON BEHALF OF THE DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA**

**INTRODUCTION**

As the plaintiffs stated, on December 4, 2009, this Court entered a protective order preventing the plaintiffs from deposing Attorney W. Timothy Steinle. It is not disputed that allowing Attorney Steinle to now be called at trial would be inequitable; however, Safeco Insurance Company of America (hereinafter "Safeco") has never had any plans of calling Attorney Steinle at trial. For the purposes of this action, Attorney Steinle is, and will continue to be, Safeco's counsel of record.

The plaintiffs also request this court bar Safeco from asserting a "defense of counsel" defense at trial as they claim it is an affirmative defense which needed to be pled in Safeco's responsive pleading. Safeco asserts "advice of counsel" is not an affirmative defense and therefore does not need to be asserted in a responsive pleading. Safeco's position is supported by case law which has discussed the situation exactly on point. Moreover, Safeco should not be precluded from introducing testimony at trial, through expert witnesses, fact witnesses, or other

1

forms of evidence that one of the factors taken into consideration was that it obtained an opinion from an attorney in denying the Miller's claim.

## ARGUMENT

### I. Safeco Should Not be Precluded From Introducing Evidence that it Obtained an Opinion From an Attorney.

The Millers first assert that Safeco should be precluded from asserting an advice of counsel defense at trial because doing so would violate the rule against hearsay. See *Fed. R. Evid*. 801. However, the Millers wholly ignore the exceptions and exemptions to the general rule against admission of hearsay into evidence. *Federal Rule of Evidence* 801(c) says hearsay is a statement, other than one made by the declarant at a hearing or trial, offered in evidence to prove the truth of the matter asserted. See *Fed. R. Evid*. 801(c). Nevertheless, according to very well established case law, "Statements may…be admitted to show…state of mind such as knowledge, motive, fear, or reasonableness in taking a particular action. *U.S. v. Peco*, 784 F.2d 798, 804 (7th Cir. 1986) citing 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶801(c)[01] (1984).

Safeco plans, and is legally permitted to, explain that part of the reason it denied the Millers' insurance claim was because outside counsel had rendered an opinion on the merits of the claim. The evidence will not be offered to prove the truth of the matter asserted, however, will be offered to show the effect it had on Safeco and its claims adjuster. The case cited supports the proposition the evidence can be admitted to show the reasonableness of Safeco's action. This is precisely the reason it will be offered at trial. Accordingly, it is permissible pursuant to case law and the *Federal Rules of Evidence*.

As its second argument, the plaintiffs claim that "advice of counsel" is an affirmative defense that has to be pled in the responsive pleading or otherwise it is waived. This is an error as the plaintiffs have not cited any authority that defines "advice of counsel" as a true affirmative

2

defense. Rather, the plaintiffs cite a case that merely refers to advice of counsel as an affirmative defense. The case cited by the plaintiffs has not been published. As the plaintiffs are fully aware, unpublished cases do not carry precedential weight unless they were authored post 2007.[1]

Safeco has been able to uncover two cases from other circuits which have addressed this situation and which appear to be directly on point. In *LG Phillips LCD Co., Ltd. v. Tatung Co.*, 243 F.R.D. 133, 135-136 (D. Del. 2007), the Court looked at whether advice of counsel was an affirmative defense was either pled in the Answer or it was waived. *Id*. Ultimately the Court determined, pursuant to Fed. R. Civ. P. 8(c), advice of counsel was not an affirmative defense that needed to be pled in the answer. Citing *LG Phillips*, *Brown v. Toscano*, 630 F.Supp.2d 1342, 1349-1350 (S.D. Fl. 2008), said:

> Although courts have frequently referred to "advice of counsel" as an affirmative defense, they have done so without analysis of whether it is a genuine affirmative defense that must be pled in the defendant's answer. The court in *LG Phillips LCD Co. v. Tatung Co.*, 243 F.R.D. 133 (D. Del. 2007), however, undertook such an analysis when considering whether the defendants had waived the defense by not pleading it in their answer to the complaint. The court first noted that Federal Rule of Civil Procedure 8(c) does not expressly enumerate "advice of counsel" as an affirmative defense, but that the rule contains a "catch all provision", which requires a defendant to set forth in its responsive pleading "any other matter constituting an avoidance or affirmative defense. *Id*. at 136 (quoting *Fed. R. Civ. P*. 8(c)). In considering the issue, the court examined the substantive law of willful infringement, noting that "whether an accused infringer acted willfully is a question of fact to be determined in light of the totality of the circumstances concerning the alleged infringer's state of mind." *Id*. The court then stated:
>
> Reliance on the competent advice of counsel as a means of showing a party's good faith is but one factor relevant to this determination, and the Federal Circuit has not deemed the advice of counsel as dispositive of a plaintiff's claim of willfulness. A defense which merely negates some element of plaintiff's *prima facie* case is not truly an affirmative defense and need not be pleaded. The defense of advice of counsel does not entail admitting the allegations of the plaintiff's complaint and does not alone

---

[1] Fed. Rule App. P. 32.1 permits only unpublished opinions dated on or after January 1, 2007 to be cited for precedential or persuasive authority.

> overcome a plaintiff's claim of willful infringement. Rather, the advice of counsel is only one of several factors to be considered in mitigation of a claim of willfulness.

*Brown*, 630 F.Supp.2d at 1349-1350.

The above case is directly applicable to this instant case. The plaintiffs are alleging Safeco acted in bad faith. To be successful on a claim of insurance bad faith refusal to pay on a claim, the plaintiffs must show by clear and convincing evidence the "absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge reckless disregard or the lack of a reasonable basis for denying the claim. *Talmage v. Harris*, 486 F.3d 968, 977 (7th Cir. 2007) citing *Weiss v. United Fire Cas. Co.*, 197 Wis.2d 365, 377, 541 N.W.2d 753, 757 (Wis. 1995) quoting *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 691, 271 N.W.2d 368 (Wis. 1978). As cited, this is a two prong test. To prove the first prong, "the trier of fact measures the insurer's conduct against what a reasonable insurer would have done under the particular facts and circumstances to conduct a fair neutral evaluation of the claim." *Weiss*, 197 Wis.2d at 378. The second prong, as stated then requires the trier of fact to find that the insurer acted with reckless disregard. This is, in essence, a willful element.

Because of this willfulness element of infringement, the Court in *Brown* cited above held that "advice of counsel" was not a true affirmative defense that needed to be pled in the answer. Similarly, bad faith has an element of willfulness as well. Accordingly, it is not a true affirmative defense. Advice of counsel does not need to be pled in the answer as the plaintiffs suggest. Rather, in insurance bad faith, advice of counsel is but one factor for the trier of fact to weigh in determining whether that insurer had a reasonable basis for denying a claim.

Just as in *Brown*, advice of counsel in insurance bad faith is a "defense which merely negates some element of plaintiff's *prima facie* case" and is therefore "not truly an affirmative

4

defense and need not be pleaded." *Brown*, 630 F.Supp.2d at 1349-1350. Similarly, advice of counsel in insurance bad faith, just as the Court in *Brown* noted, also "does not entail admitting the allegations of the plaintiff's complaint and does not alone overcome a plaintiff's claim of willful infringement." *Id*. The rationale in *Brown* is authoritative in this case as well, and therefore, advice of counsel is only one of several factors to be considered in mitigation. It follows that Safeco should be permitted to present evidence concerning its reliance on counsel in the defense of the claim of bad faith.

## II. Safeco Should Not be Precluded From Eliciting Testimony Concerning Relying on Counsel When It Denied the Millers' Claim.

When Safeco denied the Millers' claim, it did so after looking at many factors. One of those factors was an opinion memorandum. (Aff. of W. Timothy Steinle, Ex. A, Depo. of Clare taken on December 12, 2008, Page 98.) The plaintiffs represent to the Court that they have been prevented from discovering the contents of the communications between Attorney Steinle and Safeco because the Court granted a protective order preventing Attorney Steinle from being deposed. Nothing could be further from the truth.

Pursuant to Court Order on February 17, 2009, Safeco's entire claim file, including coverage opinions from Attorney Steinle and other correspondence between Safeco and Attorney Steinle has been turned over to the plaintiffs. See Aff. of W. Timothy Steinle, Ex. B, Court Order dated February 17, 2009. The plaintiffs are fully aware of what Attorney Steinle communicated to Safeco regarding the coverage opinion he rendered to Safeco concerning the plaintiffs' claimed loss. It is disingenuous for them to now claim they have no information regarding Attorney Steinle's opinions to Safeco.

Safeco should be permitted to introduce evidence and elicit testimony from witnesses regarding the reasonableness of its denial of the Millers' claims. This includes what information

5

it had in its possession prior to denying the claim. It did have a coverage memorandum from Attorney Steinle prior to denying the claim. It was one of the factors. The Millers are in possession of that opinion letter. In fact, they have the entire claims file which contains communications between Attorney Steinle and Safeco prior to Safeco denying the Millers' claim, which was turned over per Order of this Court. For these reasons, Safeco contends it should be permitted to present evidence concerning its reliance on counsel when it denied the Millers' claim. It creates no injustice to the plaintiffs under the totality of the circumstances.

## CONCLUSION

For the above stated reasons, Safeco should be permitted to assert and introduce evidence concerning its reliance on counsel in denying the Millers' claim.

Respectfully submitted this 19th day of January, 2010.

                        TERSCHAN STEINLE & NESS
                        Attorneys for Defendants
                        Safeco Insurance Co. of America

                        By:   /s/ W. Timothy Steinle
                            W. Timothy Steinle
                            State Bar No.: 1003777

<u>P.O. ADDRESS</u>:

309 North Water Street
Suite 215
Milwaukee, WI 53202

(414)258-1010