IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
CIVIL DIVISION

| | |
|---|---|
| CRAIG MILLER and NANCY MILLER | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 06-C-1021 ) |
| SAFECO INSURANCE COMPANY OF AMERICA | ) ) ) ) |
| Defendant. | ) |

**BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS IN
LIMINE FILED ON BEHALF OF THE DEFENDANT,
SAFECO INSURANCE COMPANY OF AMERICA**

**INTRODUCTION**

As this Court is fully aware of the facts of this case, the defendant, Safeco Insurance Company of America ("Safeco"), will restrict their introduction to facts related only to the issues of the Millers' Motion for an Advisory Jury.

The plaintiffs have requested this court impanel an advisory jury to hear the Millers' remaining cause of action for bad faith against Safeco Insurance Company of America (hereinafter "Safeco"). The current issue before the Court stems from insurance coverage and bad faith claims brought by the plaintiffs against Safeco as a result of the plaintiffs' purchase of real estate located at 3233 North Summit Avenue, Milwaukee, Wisconsin. The Court ordered that the plaintiffs' coverage issues and bad faith claim be tried separately. A trial regarding the plaintiffs' coverage issues previously took place between April 7 and April 9, 2008. No advisory jury was impaneled to assist the Court during that phase of the trial. The plaintiffs' bad faith claim is the only issue remaining before this Court. Safeco asserts that an advisory jury would

1

be of no assistance to the Court, and in fact, would be a waste of money and time for taxpaying citizens.

As an aside, in the plaintiffs' brief on Page 1, they state that Safeco requested a jury trial. This is in error; Safeco apparently made a typo in it Rule 26(f) report to the Court. Safeco has not, and will not, request this case be tried to a jury advisory or not.

### ARGUMENT

I. **AN ADVISORY JURY SHOULD NOT BE IMPANELED TO HEAR THE BAD FAITH CLAIM AS IT IS NOT NECESSARY AND WOULD BE A WASTE OF COURT RESOURCES.**

As stated by the plaintiffs, when an issue is not triable by a jury as a matter or right, on a party's motion or by its own initiative, the Court may impanel an advisory jury. *Fed. R. Civ. P.* 39(c). The court's authority to impanel an advisory jury is purely discretionary; an advisory jury is not a matter of right. *U.S. v. Ellis Research Lab, Inc.*, 300 F.2d 550, 554 (7th Cir. 1962). However, the court may decline to exercise its discretionary power to use an advisory jury if the issues are complex or if there is no substantial reason for the court to do so. 33 Fed. Proc., L. Ed. §77:151 *Factors Affecting Utilization of Advisory Juries* citing *Rosen v. Dick*, 83 F.R.D. 540 (S.D. N.Y. 1979) order modified by 639 F.2d 82 (2nd Cir. 1980); also citing *Fleming v. Peavy-Wilson Lumber Co.*, 39 F.Supp 1001 ( W.D. La. 1941). Additionally, as stated by the Millers, an advisory jury verdict is essentially meaningless as the trial judge must state his own findings. (See Millers Brief P. 5).

> As stated by the Corpus Juris Secundum, "the function of an advisory jury is simply to assist the judge. The verdict or findings of the advisory jury are not binding on the court, but are merely advisory. However, the court may adopt the jury's findings as its own. Thus, when a district court submits a claim to an advisory jury, the court is free to accept or reject the jury's advisory verdict in making its own findings. The trial court may consult with an advisory jury during a bench trial so long as the court retains ultimate responsibility for the findings of fact and conclusions.

2

Case 2:06-cv-01021-WEC     Filed 01/20/10     Page 2 of 6     Document 121

35B C.J.S. Federal Civil Procedure §1013 *Advisory Jury*.

Safeco contends this is not a case where an advisory jury would be of assistance to the Court. This is a situation where the parties are trying the second half of a coverage and bad faith case. It makes no sense to impanel an advisory jury to hear, which in all honesty, is only half of this case. The coverage portion of this case was tried to the Court without the assistance of an advisory jury. The Court's time and resources would be unduly burdened and wasted with bringing the advisory jury "up to speed" as to make their experience hearing this case meaningful. Without taking the extra time to bring them up to speed regarding the coverage portion of this case, their opinion would be, effectively, an uninformed opinion. As all parties involved in this case should be aware, great resources from not only the Court, but also both parties would be wasted if the time and effort to bring the jury up to speed is utilized when the Court could be hearing the case.

This responding defendant finds it incredibly hard to believe the plaintiffs would disagree with the statement that this Court is more than qualified to hear and rule on this case without any assistance. Impaneling an advisory jury for this case would have the effect of merely wasting taxpayer's money. The jury would have no say in the ultimate outcome and accordingly, has no real reason to be impaneled. The Court is more than capable of finding facts and, if necessary, awarding damages that are just. This responding defendant sees no reason to take citizens away from their daily lives to listen to a case where their opinion ultimately has no meaning.

Moreover, if an advisory jury is impaneled, they are going to have to examine and weigh all exhibits offered to the Court. As the plaintiffs know all too well, this case comes with a great deal of paperwork and complex materials. An advisory jury will have to take great time to consider all the evidence which it has not become familiar with over the past several years as the

3

Court has. Again, this will present both the Court and the parties with long delays that it would not have had with only a court trial. Furthermore, both parties ***and their witnesses*** are going to have to take additional time at trial to explain and properly introduce the jury to the evidence. The efficiency and time savings a Court trial is known for will be effectively negated by the extra time both parties are going to have to take to present the case in a different manner than they would for a court trial.

The plaintiff contends this case is going to hinge on credibility of the witnesses. (See plaintiffs' brief P. 4). This responding defendant respectfully submits that credibility will be but a very minor issue for the Court to weigh. In Wisconsin, the test for bad faith essentially asks whether the insurer had a fairly debatable reason for denying the claim; the insurer will only be liable for bad faith when it has intentionally denied or failed to process or pay a claim without a reasonable basis. See *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 693, 271 N.W.2d 368, 377 (Wis. 1978). The plain language of this test is instructive for what the Court ultimately needs to look for when deciding this case. Ultimately, this Court is going to have to look at what actions were taken by Safeco and whether it had a reasonable basis for denying the Millers' claim.

This is not a case where the Court is not going to have to look at who is lying and who is telling the truth. All of Safeco actions and communications were memorialized in the claims file. Credibility will essentially be taken out of the question because as the plaintiffs and the Court are in possession of this claims file and will be able discern truth from falsehood by weighing the testimony against claims file. The veracity of the witnesses is going to be plain for either party, and the Court, to see.

4

Lastly, the plaintiffs' made the assertion that punitive damages are often awarded by juries in Wisconsin citing *Trinity Evangelical Lutheran Church v. Tower Ins. Co*., 2003 WI 46, 261 Wis.2d 333, 661 N.W.2d 789 (Wis. 2003). (See plaintiffs' brief P. 4). This is but one case where punitive damages were awarded. It hardly evidences Wisconsin juries "often" awarding punitive damages. According to Anderson cited above, in a bad faith case, punitive damages are only warranted where the wrong was inflicted "under circumstances of aggravation, insult or cruelty with vindictiveness or malice." *Anderson*, 85 Wis.2d at 697 citing *Lievrouw v. Roth*, 157 Wis.2d 332, 343, 459 N.W.2d 850, 853 (Wis. Ct. App. 1990). Accordingly, punitive damages are not an "open and shut case" as the plaintiffs make them seem in bad faith claims (that is assuming bad faith is even proven by the plaintiffs which is an incredibly high bar pass in itself). As such, if the advisory jury is necessitated by the possibility of an award of punitive damages, their likelihood of use is very slim. In a situation where bad faith is not found, the advisory jury would have sat through a case for no reason; that epitomizes the waste of resources an advisory jury would be in this case.

## **CONCLUSION**

As stated, an advisory jury would be a great waste of time and resources for the parties, the Court, and the taxpaying public who has to fund the use of the jury as well. As there is no need for an advisory jury, and their presence will needlessly slow this trial down, this Court should deny plaintiffs' Motion for an Advisory Jury.

Respectfully submitted this 20th day of January, 2010.

5

TERSCHAN STEINLE & NESS
Attorneys for Defendants
Safeco Insurance Co. of America

By: /s/ W. Timothy Steinle
    W. Timothy Steinle
    State Bar No.: 1003777

P.O. ADDRESS:

309 North Water Street, Suite 215
Milwaukee, WI 53202
(414) 258-1010