IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
CIVIL DIVISION

| | |
|---|---|
| CRAIG MILLER and NANCY MILLER | |
| Plaintiffs, | |
| vs. | Case No.: 06-C-1021 |
| SAFECO INSURANCE COMPANY OF AMERICA | |
| Defendant. | |

**BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT FILED ON BEHALF OF THE DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA**

## INTRODUCTION

As this Court is fully aware of the facts of this case, the defendant, Safeco Insurance Company of America ("Safeco"), will restrict their introduction to facts related only to the issues of the Millers' Motion for an award of 12% interest pursuant to *Wis. Stat*. sec. 628.46.

Pursuant to *Wis. Stat*. sec. 628.46, the Millers claim they are due 12% interest on the $485,100.64 Your Honor awarded them after the coverage phase of this case. They claim this Court should find as a matter of law interest started accruing as of thirty days after Your Honor rendered the decision. However, the Millers have not taken into account the fact that this case has yet to conclude. In fact, a formal judgment has not even been entered. This Court has yet to hear the second phase of this case, namely, the bad faith phase. It is difficult to understand their claim that they have a sum certain amount owed to them prior to the conclusion of their case. As recognized by the Millers in their brief, prior to the award of *Wis. Stat*. sec. 628.46 interest, there

1

must be a sum certain dollar figure. As there is not sum certain amount due to the Millers, their motion must be denied.

## STANDARD OF REVIEW

Summary judgment "is a drastic remedy and should not be granted unless the material facts are not in dispute, no competing inferences can arise, and the law that resolves the issue is clear." *Lecus v. American Mutual Insurance Company of Boston*, 81 Wis.2d 183, 189, 260 N.W.2d 241, 243 (1977). When faced with a motion for summary judgment, a court must examine all of the pleadings in order to determine whether a claim has been stated and whether a material issue of fact exists. *Park Bancorporation, Inc. v. Sletteland*, 182 Wis.2d 131, 140, 513 N.W.2d 609, 613 (Wis. Ct. App. 1994), review denied 520 N.W.2d 88; citing *Grams v. Boss*, 97 Wis.2d 332, 338-339, 294 N.W.2d 473, 477 (Wis. 1980). Wisconsin courts have consistently held that the party moving for summary judgment "has the burden of establishing the absence of a factual dispute and entitlement to judgment as a matter of law." *Park Bancorporation, Inc.*, 182 Wis.2d at 141, 513 N.W.2d at 613, citing *Grosskopf Oil, Inc. v. Winter*, 156 Wis.2d 575, 581, 457 N.W.2d 514, 517 (Wis. Ct. App. 1990). Moreover, Wisconsin courts have continually found that any doubt "as to the existence of a genuine issue of material fact should be resolved against the party moving for summary judgment." *Park Bancorporation, Inc.,* 182 Wis.2d at 141, 513 N.W.2d at 613, citing *Grams*, 97 Wis.2d at 338-339, 294 N.W.2d at 477 (1980). Further, if the "material presented is subject to conflicting interpretations or reasonable people might differ as to the significance, it is improper to grant summary judgment. *Id.*, citing *Grams*, 97 Wis.2d at 339, 294 N.W.2d at 477.

# ARGUMENT

## I. THE MILLERS HAVE NOT GIVEN SAFECO NOTICE OF SUM CERTAIN DOLLAR FIGURE WHICH THEREBY PRECLUDES SEC. 628.46 INTEREST BEING AWARDED AT THIS TIME.

Wisconsin case law has outlined three requirements before a court may award interest on overdue insurance claims. According to *Kontowicz v. American Standard Insurance Co. of Wisconsin*, 2006 WI 48, ¶48, 290 Wis.2d 302, 327, 714 N.W.2d 105, 117 (Wis. 2006), first, there must be no question of liability; second, the amount must be in a sum certain amount; and third, the claimant must have provide written notice of both liability and the sum certain amount due. *Id*.

In the case at hand, Safeco is not disputing this Court has authored a decision at the conclusion of the coverage phase of this case finding Safeco liable to the Millers for $485,100.64. Similarly, Safeco is not disputing that it has notice of this decision and the amount. However, as of this date, there is no sum certain amount owed to the Millers. As this Court and the plaintiffs are fully aware, this case was bifurcated into a coverage phase and a bad faith phase. The bad faith phase of this case has not been concluded. As there is a trial still set to be heard by this Court, there is no sum certain amount due to the Millers at this point in time. Therefore, there is the possibility, although Safeco believes it to be remote, that Safeco may be found to have committed bad faith in the handling of the Millers' claim. If this turns out to be the case, additional money, if this Court awards any, may also be due to the Millers. Consequently, without a sum certain amount, this Court cannot find Safeco liable for *Wis. Stat*. sec. 628.46 interest pursuant to *Kontowicz*, 2006 WI at ¶48.

Moreover, and more importantly, there has not been an entry of judgment in this case. Without an entry of judgment, Your Honor's decision of May 30, 2008, is not yet a final

3

judgment. The plaintiffs should not be able to rely upon the "decision" of the Court prior it becoming final. Again, without a final judgment stating a sum certain amount as required by *Kontowicz*, this Court cannot find that Safeco is obligated to pay Wis. Stat. 628.46 interest. *Id*.

It is respectfully submitted to this Court that it would be premature to find payment to the Millers overdue before this case has been been concluded. Not until this Court enters final judgment with an amount due to the plaintiffs on both halves of this case should time start to accrue on the thirty days *Wis. Stat*. sec. 628.46 gives Safeco to pay sum certain amounts. *Kontowicz* states that the goal of *Wis. Stat*. sec 628.46 is to prevent insurance companies from prolonging litigation and benefitting from delay. See *Kontowicz*, 2006 WI at ¶47 citing *Allison v. Ticor Title Ins. Co.*, 979 F.2d 1187,1201 (7th Cir. 1992). In this case, this litigation is not being prolonged and Safeco is not benefitting in any way from not having already paid the Millers. This is a case where there were/are genuine issues as to both phases. Whether Safeco would have tendered payment by this point would not have any effect on the length of time this case is taking to get to completion. Requiring Safeco to pay interest on the May 30, 2008 decision would do nothing to further the goals and *Wis. Stat*. sec. 628.46.

## II. THE PLAINTIFFS' ESTIMATION OF DAMAGES ACCRUING PER DAY IS IN ERROR.

In the event this Court should find that Safeco is required to pay the plaintiffs *Wis. Stat*. sec. 928.46 interest on the $485,100.64 awarded by Your Honors' decision dated May 30, 2008, it is respectfully requested the Court review the amount submitted to the Court by the plaintiffs. According to Safeco's calculations, interest, if it is indeed due as of 30 days after the May 30, 2008 decision, has been accruing at a rate of $159.49 a day. Per Safeco's calculations, if simple interest is to be calculates at 12% annually from June 30, 2008 (30 days after Your Honor's May 30, 2008 decision) to the date of this filing February 12, 2010, there would be 592 days of

4

interest thus far accrued. Using the sum of $485,100.64 and 12% simple interest annually, it is submitted by Safeco that interest would be accruing at a rate of approximately $159.49 a day. A calculation of Safeco's figures is attached hereto as Exhibit A.

## **CONCLUSION**

For the reasons stated above, it is respectfully requested this Court deny plaintiffs' motion for summary judgment. However, if this Court should find interest due as the Millers request, it is respectfully submitted this Court review the Millers' calculations of interest accruing per day.

Respectfully submitted this 15th day of February, 2010.


                Attorney for Defendants
                Safeco Insurance Co. of America

                By: /s/ W. Timothy Steinle
                   W. Timothy Steinle
                   State Bar No.: 1003777

TERSCHAN, STEINLE & NESS
309 North Water Street, Suite 215
Milwaukee, WI 53202
(414) 258-1010

## SAFECO'S INTEREST CALCULATIONS

Simple Interest Formula

**I = Prt**

I = interest due
P = principal amount
r = rate of interest
t = time

P = $485,100.64
r = 12.00%
t = 592 days or approximately 1.62191 (592 / 365) years

I = 485100.64*.12*(592/365)

I = $94,415.20

Interest per Day = $94,415.20 / 592

Interest per Day = $159.49