UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRAIG MILLER and NANCY MILLER,

    Plaintiffs,

    v.                                                     Case No. 06-C-1021

SAFECO INSURANCE COMPANY
OF AMERICA,

    Defendant.

**DECISION AND ORDER ON (1) PLAINTIFFS' MOTION FOR SUPPLEMENTAL LEGAL FEES AND EXPENSES AND (2) PLAINTIFFS' MOTION TO AMEND JUDGMENT**

On December 27, 2010, this court issued a decision and order following a bench trial on the plaintiffs' bad faith claim against the defendant, Safeco Insurance Company of America ("Safeco"). This was the second post-bench trial decision issued in the case. The first was issued on May 30, 2008, following a trial on the underlying insurance coverage dispute. Currently pending before the court are two motions that were filed by the plaintiff on January 7, 2011 and January 24, 2011, respectively: first, a motion for supplemental legal fees and expenses and, second, a Fed. R. Civ. P. 59(e) motion (1) to amend the judgment to include additional mortgage interest expenses and (2) to reconsider the court's decision to deny the plaintiffs recovery of Wis. Stat. § 628.46 interest for the period preceding the court's coverage decision of May 30, 2008. The motions are now fully briefed and are ready for resolution.

            **I. MOTION FOR SUPPLEMENTAL LEGAL FEES AND EXPENSES**

The defendant has not submitted any filing opposing the plaintiffs' motion. From its not doing so the court concludes that the defendant does not oppose the plaintiffs' motion for

supplemental legal fees and expenses. Of course, this is not to say that the defendant has conceded the merits of the plaintiffs' claims and thus the plaintiffs' entitlement to attorneys fees in any amount. Indeed, the court understands that not to be the case. With that understanding, the court will grant the plaintiffs' motion for supplemental legal fees and expenses. The judgment will be amended to reflect an additional $51,426.01 in legal fees and expenses being awarded to the plaintiffs as bad faith damages.

## II.  RULE 59(e) MOTION

The plaintiffs' Rule 59(e) motion has two prongs. First, the plaintiffs seek to have the judgment amended to include additional mortgage interest expenses incurred by them since October 25, 2010. The plaintiffs claim that from November 2010 through January 2011 they have incurred $3,940.94 in mortgage interest. They also assert that "[b]ecause the Millers' mortgage interest is a recurring monthly expense, [they] will continue to incur these damages until Safeco satisfies the judgment [and] it would be inequitable for Safeco to avoid liability for future mortgage interest expenses when its failure to pay the Millers will cause them to incur these expenses." (Pls.' Br. at 3.) Thus, they "request that the Court order Safeco to pay the Millers' mortgage interest expenses as incurred, until Safeco satisfies the judgment." (Pls.' Br. at 4.)

The second prong of the plaintiffs' motion involves a request that the court amend the judgment to award interest under Wis. Stat. § 628.46 on the amount of $318,870.00 ($315,840.00 property damage + $3,030.00 monthly living expense) from December 5, 2005 (30 days after they submitted their claim to Safeco) through June 29, 2008 (30 days after this court's decision on coverage). The total interest accrued under this scenario is $98,235.08.

In the alternative, they seek § 628.46 interest on $334,020.00 ($315,840.00 property damage + $18,180.00 (living expenses of $3,030.00 from November 2005 through April 2006)). They seek

2

interest on this amount from May 18, 2006 (30 days after Safeco's denial of coverage) through June 29, 2008 (30 days after this court's decision on coverage). The total § 628.46 interest accrued under this scenario is $84,890.86.

As with the plaintiffs' motion for supplemental legal fees and expenses, the defendant has not submitted any response to the first prong of the plaintiffs' Rule 59(e) motion. Thus, the court assumes that the defendant does not oppose this aspect of the motion (recognizing, of course, that the defendant had not conceded the merits of the plaintiffs' underlying claims against Safeco). Such being the case, the court will order that the judgment be amended to include additional mortgage interest expenses from November 2010 through January 2011 in the amount of $3,940.94 as bad faith damages. The judgment will also be amended to include an order that Safeco be responsible for the Millers' mortgage interest expenses until Safeco satisfies the judgment.

The second prong of the plaintiffs' Rule 59(e) motion is not so easily resolved. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The plaintiffs' motion was timely filed, given that the judgment was entered on December 28, 2010, and the motion was filed on January 24, 2011.

The purpose of Rule 59(e) is to provide the district court with a means for correcting errors that may have "crept into the proceeding," while that court still holds jurisdiction over the case. *See Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented

3

to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (internal citations omitted).

That having been said, in *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), the Supreme Court ruled that "the Court of Appeals was correct to conclude that a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." 489 U.S. at 175. This is because "prejudgment interest 'is an element of [plaintiff's] complete compensation.'" *Id*. (citation omitted.)

> [U]nlike a request for attorney's fees or a motion for costs, a motion for discretionary prejudgment interest does not "rais[e] issues wholly collateral to the judgment in the main cause of action," nor does it require an inquiry wholly "separate from the decision on the merits[.]" In deciding if and how much prejudgment interest should be granted, a district court must examine - or in the case of a postjudgment motion, reexamine - matters encompassed within the merits of the underlying action. . . . Thus, we conclude that a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters within the merits of a judgment to which Rule 59(e) was intended to apply.

489 U.S. at 175-176 (internal citations omitted). Furthermore, in a footnote, the Court stated that it did "not believe the result should be different where prejudgment interest is available as a matter of right." *Id*. at 176, n. 3. In other words, a Rule 59(e) motion is a proper vehicle to seek prejudgment interest.

The problem that is posed by the plaintiffs' motion in the instant case, however, is that the plaintiffs previously presented to the court their position with respect to when prejudgment interest should begin to run and the amount upon which interest should accrue. And, simply stated, the court was perplexed by the Millers' position. More precisely, this court stated the following in its December 27, 2010 decision and order:

> In their motion for partial summary judgment, the Millers requested an award of 12% interest on $485,100.64 beginning thirty days after the court's May 30, 2008 decision regarding coverage, which was June 29, 2008. (Pls.' Br. in Support of Mot. for Partial Summary Judgment 4-5.) Now, however, the Millers argue that prejudgment interest

4

> on $485,100.64 began accruing on May 18, 2006, which was thirty days after the date that Safeco denied coverage. (Pls.' Statement of Closing Arguments 18.)
>
> The court finds no evidence in the record demonstrating that the Millers furnished written notice of the amount of their loss at $485,100.64 before Safeco denied coverage in April 2006. In their November 4, 2005 claims letter, the Millers notified Safeco that the cost to repair the Property was $315,840 and that their holding costs of the insured residence were $3,030 per month. The Millers have not directed this court's attention to any evidence demonstrating that they supplemented their claim between November 2005 and April 2006. Accordingly, there is no sound basis for awarding the Millers prejudgment interest on $485,100.64 from May 18, 2006. Therefore, I find that the Millers are entitled to prejudgment interest on $485,100.64, which has been accruing since June 29, 2008. This finding is consistent with the fact that, at all times, the Millers have computed the amount of daily interest using the principal amount of $485,100.64.

(12/27/10 Dec. at 24-25.) What caused my being perplexed was the fact that the plaintiffs used the interest accrual rate of $159.49 per day in computing prejudgment interest <u>for the entire period of time</u> for which they were seeking prejudgment interest. It seemed to me that the accrual rate being used by the plaintiffs was based on the amount of their claim being $485,100.64 for the entire period of time, and was not based on their claim, for any period of time, being only $315,840.00, plus monthly living expenses. Indeed, that the court's perplexity was justified has been confirmed because the plaintiffs now assert that (1) the daily accrual rate on $315,840.00 plus one month of living expenses would have been only $104.84, and (2) the daily accrual rate on $315,840.00 plus six months of monthly living expenses would have been only $109.82. (Pls.' Br. at 7.)

To reiterate, the plaintiffs now claim that they are entitled to receive § 628.46 prejudgment interest commencing 30 days after they submitted their claims letter to Safeco on November 4, 2005, in which letter they claimed damages in the amount of $315,840.00 for property damage and $3,030.00 for monthly living expenses. In an exercise of laudable candor, the plaintiffs acknowledge that they at no time previously in this litigation asked for any prejudgment interest commencing on that date. In their brief they state the following:

> The Millers admittedly did not appreciate the rigidity of the 30-day investigation period in their previous submissions. Consequently, they did not begin to calculate interest until 30 days after Safeco had completed its entire investigation and denied coverage rather than after the statutory 30-day period.

(Pls.' Br. at 7.) Thus, as an alternative to seeking prejudgment interest from 30 days after November 4, 2005, they assert:

> In the event that the Court determines that the Millers' omission of this interest from their submissions is a waiver of their ability to recover interest during the period between December 5, 2005, and May 18, 2006, the Millers have prepared an alternative calculation for the period following Safeco's coverage denial. Following Safeco's denial of the claim, interest would [be $84,890.86 from May 18, 2006 through June 29, 2008].

(Pls.' Br. at 7.)

This is not a situation where the plaintiffs are presenting entirely new arguments. To the contrary, the plaintiffs did previously argue that they were entitled to prejudgment interest for the period of time commencing 30 days after their claim was denied. The shortcomings in their presentation were (1) not making clear that it was different amounts upon which they were seeking prejudgment interest, depending upon the time period for which they were seeking such prejudgment interest, and (2) their choice of the daily accrual rate to be applied in calculating the amount to which they claimed to be entitled, i.e., they used a partially incorrect daily accrual rate.

In my opinion, and for the reasons previously set forth in this court's December 27, 2010 decision, the plaintiffs are entitled to § 628.46 prejudgment interest because "the coverage issue in the Millers' case was not fairly debatable [,] Safeco lacked reasonable proof of non-responsibility for payment, and payment owed to the Millers is deemed overdue for purposes of § 628.46." (12/27/10 Dec. at 23.) For the reasons set forth below, I am also persuaded that the judgment should be amended to grant the plaintiffs prejudgment interest on their claim for $315,840.00 plus additional living expenses of $3,030.00, for a total claim of $318,870.00. Prejudgment interest on such amount

6

will be granted for the period commencing 30 days after the Millers submitted their claims letter to Safeco, to wit, from December 5, 2005 through June 29, 2008. This prejudgment interest amounts to $98,235.08.

First of all, and as noted above, Rule 59(e) is a proper mechanism for seeking prejudgment interest. Secondly, the *Osterneck* Court noted that in deciding if and how much prejudgment interest should be granted, a district court "must examine - or in the case of a postjudgment motion, *reexamine* - matters encompassed within the merits of the underlying action." *Osterneck*, 489 U.S. at 176 (emphasis added). In my view, the matter of how much prejudgment interest is due to the Millers was encompassed within the merits of the underlying action. Having already determined that the Millers are entitled to prejudgment interest, reexamining the amount to which they are entitled comports with the Court's conception of prejudgment interest as a make-whole remedy and as part of a plaintiff's complete compensation. *Id.* at 175, 176, n. 3. To completely compensate the Millers, it is necessary to award them prejudgment interest for the period of time commencing 30 days after they submitted their claims letter to Safeco.

To be sure, and as noted above, while the plaintiffs did previously argue that they were entitled to § 628.46 prejudgment interest from 30 days after their claim was denied by Safeco, they did not previously argue that they were entitled to prejudgment interest from 30 days after their claim was submitted to Safeco. That is an argument that they could have previously made, but did not make. Nevertheless, the plaintiffs have not advanced a new legal theory with respect to their claim that they are entitled to prejudgment interest.

Moreover, had the Millers completely omitted any argument about prejudgment interest in their motion for partial summary judgment and in their post-trial briefing, a Rule 59(e) motion would have been the proper procedural mechanism to request prejudgment interest postjudgment. *See*

7

*Osterneck*, 489 U.S. at 175-76 (petitioners did not file a written motion for prejudgment interest until after judgment had been entered). And, were this the case, prejudgment interest for the period commencing 30 days after the Millers submitted their claims letter to Safeco would have been awarded. Therein lies the irony of the situation. In my opinion, the Millers should not be penalized for wrongly computing prejudgment interest before judgment was entered. Under *Osterneck*, it is appropriate to reexamine the prejudgment interest calculation that was part and parcel of the merits of the underlying action. In doing so, I find it appropriate to grant the plaintiffs' request for § 628.46 prejudgment interest from December 5, 2005 (30 days after submission of their claims letter) through June 29, 2008 (30 days after the court's May 30, 3008 coverage decision). Thus, the judgment will be amended to include an award to the plaintiffs of $98,235.08 in prejudgment interest under Wis. Stat. § 628.46.

**NOW THEREFORE IT IS ORDERED** that the plaintiffs' motion for supplemental legal fees and expenses be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiffs' Rule 59(e) motion to amend the judgment be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Safeco Insurance Company of America remit to Craig and Nancy Miller the amount of $599,783.53 as bad faith damages;

**IT IS FURTHER ORDERED** that Safeco Insurance Company of America remit to Craig and Nancy Miller the amount of $485,100.64 as is due to them under the terms of the Policy;

**IT IS FURTHER ORDERED** that Safeco be responsible for the amount of additional mortgage interest expenses incurred by the Millers on the Property, until Safeco satisfies the judgment;

**IT IS FURTHER ORDERED** that judgment be entered in favor of Craig and Nancy Miller and against Safeco Insurance Company of America in the total amount of $1,084,884.17;

**IT IS FURTHER ORDERED** that the Miller's motion for partial summary judgment (Docket # 114) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that judgment shall be entered accordingly.

**SO ORDERED** this 11th day of March 2011 at Milwaukee, Wisconsin.

         **BY THE COURT**:

         s/ William E. Callahan, Jr.
         WILLIAM E. CALLAHAN, JR.
         United States Magistrate Judge